[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals the decision of the defendant Commissioner of Motor Vehicles suspending the plaintiff's motor vehicle operator's license pursuant to General Statutes 14-277b. This appeal is brought pursuant to General Statutes 4-183.
The plaintiff has briefed and presented oral argument on two issues as the basis of his appeal. The first is his contention that the hearing officer erred in admitting in evidence a document in addition to the police of officer's Department of Motor Vehicles A-44 report. The significance of this error, the plaintiff argues, is that the additional documentary evidence was used by the hearing officer as the basis of his finding that there was sufficient cause for the police initially to stop the plaintiff as a prelude to arresting him. Therefore, he claims, the hearing officer's finding that there was probable cause to arrest the plaintiff on the drunk driving charge was in error. This argument cannot be sustained. Examination of the record reveals that the document in question is a "Windsor Police Department Driving Under the Influence Report." It is dated and signed under oath by the arresting officer on June 3, 1990. This was the date of arrest as shown on the A-44 report. General Statutes 4-178 provides that "[a]ny oral or documentary evidence may be received" at the hearing of a contested administrative case, and our courts have held that this includes hearsay evidence as long as it is reliable and probative. Cassella v. Civil Service Commission,4 Conn. App. 359, 362 (1985), aff'd. 202 Conn. 28, 33 (1987). The evidence in question consists of the sworn statement of a police officer who was subject to subpoena by the plaintiff. It was properly admitted and considered by the hearing officer. The facts set forth in that report and in the A-44 report together provide ample support for the hearing officer's finding of probable cause for the arrest. State v. Torres, 182 Conn. 176
(1980).
The plaintiff's second basis for this appeal is his contention that the police officer was not certified by the Department of Health Services to administer the chemical blood alcohol level test. Therefore, he argues, the police officer's report of the test results should not have been admitted in evidence and the hearing officer's finding that the level CT Page 9793 exceeded the legal limit was in error. The court has previously ruled on this precise argument in another case and concluded that it may not be sustained under the law and regulations. Schallenkamp v. DelPonte, No. CV 90-0386959S (Superior Court, Hartford, September 20, 1991, and supplemental decision November 6, 1991; Maloney, J.). The facts in the present case with respect to this issue are essentially the same as in the Schallenkamp case. For all of the reasons set forth therein, the court holds that the results of the test in the present case were admissible; that there was sufficient evidence for the hearing officer to have found that the police officer was certified; and that the test results were reliable. Such findings, in turn, would support the hearing officer's finding that the plaintiff's blood alcohol level exceeded the legal limits.
The plaintiff's appeal is dismissed.
Maloney, J.