STATE OF CONNECTICUT *v.* MIGUEL TORRES

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued May 6—decision released August 19, 1980

*John R. Williams,* for the appellant (defendant).

*Robert J. O'Brien,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Guy W. Wolf III,* assistant state's attorney, for the appellee (state).

PARSKEY, J. The defendant was charged with the crimes of burglary in the third degree in violation of General Statutes § 53a-103, attempted larceny in the second degree in violation of § 53a-123 and § 53a-49a, and being a persistent felony offender under § 53a-40 (b). He entered a plea of guilty to the burglary charge. Before the imposition of sentence the defendant filed a motion to vacate his plea on the grounds that (1) it was not voluntary, knowing and intelligent, (2) he did not fully understand the implications of the plea nor did he understand the rights a guilty plea waived, (3) there was no factual basis for the plea, (4) the record did not demonstrate adequately a knowing, voluntary and intelligent waiver sufficient to support a plea of guilty and (5) the state would not be prejudiced by the relief requested. At oral argument on the motion the defendant amplified these grounds by making eleven claims of law. These may be condensed into three constitutional claims which the defendant has pursued in his brief, namely, that the acceptance of the plea did not comport with constitutional standards, that the defendant lacked an understanding of the plea proceedings and that his guilty plea was tainted by ineffective assistance of counsel. The defendant made an offer of proof and requested an evidentiary hearing to prove the latter two claims. The court denied both the request for a hearing and the motion to vacate the plea and thereafter imposed a sentence

of not less than two nor more than four years.  The defendant claims error in the denial of both the evidentiary hearing and his motion.

## I

We have set forth in a footnote[1] the complete transcript of the plea proceedings.  The defendant, relying principally on *United States* v. *Lincecum*,

[1] "Mr. Wolf [assistant state's attorney]:  If your Honor please, this is the matter No. 22736, Miguel Torres.  There were prior not guilty pleas entered, and requests for a jury trial.  I understand counsel wishes to withdraw the prior pleas and elections.

The Court:  Is that correct, Mr. Dakers?

Mr. Dakers [assistant public defender]:  That is correct, your Honor.

The Court:  All right, proceed.

Mr. Wolf:  May he be put to plea on the first count of the information.

Court Clerk:  Mr. Torres, to an information charging you with the crime of burglary in the third degree, you pleaded not guilty on May 31 of 1978 and elected to be tried by a jury of six.  Do you at this time wish to change your plea?

The Accused:  Guilty.

Court Clerk:  Would you speak up so his Honor can hear you.

The Accused:  Yes.

Court Clerk:  In this instance, this is the information, sir:  Arnold Markle, State's Attorney for the County of New Haven, accuses Miguel Torres, T-o-r-r-e-s, of burglary in the third degree, and charges at the town or city of Guilford on the 23rd day of May, 1978, [at] approximately 1:24 p.m., the said Miguel Torres did unlawfully enter and remain in the building, to wit:  the residence of James F-u-r-n-e-r, 96 C-h-a-f-f-i-n-c-h Island Road, in Guilford, with the intent to commit a crime therein, in violation of Section 53a-103a of the General Statutes.  To this, sir, how do you plead at this time, guilty or not guilty?

The Accused:  Guilty.

Court Clerk:  The plea is guilty, if your Honor please.

The Court:  All right, Mr. Torres, you have discussed this matter with Mr. Dakers, your attorney?

The Accused:  Yes.

The Court:  And after discussion with him, are you satisfied with the advice that he has given you?

The Accused:  Yes.

The Court:  And based on your discussion with him, as part of the reasoning, is that why you're entering a plea at this time?

568 F.2d 1229 (5th Cir. 1978), argues that single-word responses to inquiries from the court invalidates the plea as a matter of constitutional law. We disagree.

Although some form of meaningful dialogue is preferable to monosyllabic responses by the defend-

---

The Accused: Yes.

The Court: Do you understand what you have pleaded to?

The Accused: Yes.

The Court: Do you know what the maximum sentence that the Court could impose on this charge is?

The Accused: Yes.

The Court: What is it?

The Accused: Five years.

The Court: All right; the maximum sentence will be two and a half to five. Now, you want the court to understand that you're entering this plea voluntarily?

The Accused: Yes.

The Court: Do you understand that you have a constitutional right to a court or jury trial?

The Accused: Yes.

The Court: You're willing to waive that right?

The Accused: Yes.

The Court: You also have the right, the constitutional right to face your accusers in the courtroom, and you're waiving that right?

The Accused: Yes.

The Court: You're also waiving a constitutional right against self-incrimination; you're waiving that right?

The Accused: Yes.

The Court: Do you understand that?

The Accused: Yes.

The Court: All right, is there—would you give me some of the facts, please.

Mr. Wolf: Yes, if your Honor please, the incident occurred on May 23, 1978 about 1:24 p.m. at the home of James Furner, which is located at 96 Chaffinch Island Road in the town of Guilford. At the time, the defendant and another person went to the premises, without the permission of the owner, entered the premises for the purpose of committing a larceny in the premises. They actually were able to get a television set out the door and into the driveway before a neighbor happened on the scene, and then they fled without taking anything from the house.

The Court: All right, Mr. Torres, you just heard that statement. Do you agree with it, or disagree with it?

ant, we have never held that single-word responses require an automatic vacation of a guilty plea. We have said that "[i]f the questioning of a defendant to determine whether a plea of guilty represents a voluntary and intelligent choice and waiver of rights is to have any meaning, the answers elicited from the defendant in open court should be something more than a mouthing of platitudes." *State* v. *Battle,* 170 Conn. 469, 475, 365 A.2d 1100 (1976). This is true whether the responses are single words

---

The Accused: No.

The Court: You agree with it? You did go into this house?

The Accused: Yes.

The Court: And you had the intention of robbing it, taking the television set?

The Accused: Yes.

The Court: Do I understand that you had the television set outside the house when somebody saw you; is that right?

The Accused: Yes.

The Court: Was there a car involved here? I notice in the file there is an in rem of the car.

Mr. Wolf: There's the car that he used. It belongs to his wife, I believe.

The Court: Is that the car that you drove from the scene with?

The Accused: Yes.

Mr. Wolf: The larceny, the second count, may that be continued until the time of sentencing. That was a television set, not a separate incident.

The Court: So, Mr. Torres, when you went to the scene, it was your intention to rob it?

The Accused: Yes.

The Court: And you drove there in an orange car?

The Accused: Yes.

The Court: Now, has there been any promises or threats to get you to plead guilty to this charge?

The Accused: No.

The Court: Nobody has forced you to do that, have they?

The Accused: No.

The Court: Is there plea bargaining here?

Mr. Wolf: If your Honor please, we indicated that we would recommend to the court a sentence not less than two years nor more than four years in the custody of the commissioner of corrections. This is not an agreed recommendation.

The Court: Not an agreed recommendation?

or, as in *Battle,* single or multiple sentences. "To insulate from attack convictions obtained after a plea of guilty, the trial court is best advised to conduct an on-the-record examination of the defendant which will disclose, inter alia, a full understanding of what the plea connotes and of its consequence, and which will demonstrate that the plea of guilty was entered intelligently, knowingly and voluntarily." *State* v. *Bugbee,* 161 Conn. 531, 536, 290

Mr. Wolf: No.

The Court: Mr. Dakers, is there anything you want to say about that?

Mr. Dakers: This is what the agreement was with the opportunity of the defendant to try to get the sentencing judge to reduce that recommendation.

The Court: All right; Mr. Torres, do you understand at the time of sentencing that you will not be given an opportunity to withdraw your plea?

The Accused: Yes.

The Court: Whatever the sentencing judge should decide should be imposed in this case, that's the sentence that you're going to serve.

The Accused: Yes.

The Court: To sum this all up, you want the court to understand that you're entering this plea voluntarily?

The Accused: Yes.

The Court: There have been no force or threats to get you to plead that way?

The Accused: No.

The Court: You understand your constitutional rights, and you're willing to waive them.

The Accused: Yes.

The Court: You are entering your plea after discussing the matter with your attorney, Mr. Dakers?

The Accused. Yes.

The Court: Mr. Dakers, do either you or Mr. Wolf know of any legal reason why the court should not accept the plea?

Mr. Wolf: No, your Honor.

Mr. Dakers: No, your Honor.

The Court: Let the record note that the accused entered his plea intelligently; has waived his rights. The court will accept the plea, order a presentence investigation for—

Mr. Wolf: November 10th.

The Court: November 10th.

Mr. Wolf: Thank you, your Honor."

A.2d 332 (1971). If a fair reading of the record satisfies the standards set down in *Bugbee,* the guilty plea will withstand a constitutional attack based on facial invalidity.

The defendant's reliance on a number of federal cases for the proposition that single-word reponses render a guilty plea constitutionally defective is misplaced. In *Sierra* v. *Government of Canal Zone,* 546 F.2d 77 (5th Cir. 1977), the court, referring to Rule 11 of the Federal Rules of Criminal Procedure, made the following observation: "Routine questions on the subject of understanding are insufficient, and *a single response* by the defendant that he 'understands' the charge gives no assurance or basis for believing he does." Id., 79. (Emphasis added.) These statements were repeated with approval in *United States* v. *Lincecum,* supra, 1231, and *Coody* v. *United States,* 570 F.2d 540, 541 (5th Cir. 1978). But in *United States* v. *Dayton,* 604 F.2d 931 (5th Cir. 1979), the court upon further reflection noted that "[m]easured deliberation has convinced us that such statements are too broad." Id., 941.

In *Dayton* the defendant was charged in two counts with unlawfully, knowingly and intentionally possessing with intent to distribute a certain quantity of marihuana. Id. The trial court, after reading the indictment to the defendant, inquired whether the defendant understood the nature of the charges, to which the defendant replied "Yes, sir." The court then inquired whether the defendant had any questions about it, to which the defendant responded "No, sir." The court then invited the government's attorney to state the facts which the government contended could be proven following

which the court inquired of the defendant whether the facts were true and whether they could be proved against the defendant beyond a reasonable doubt, to which the defendant responded "Yes, your honor." Id., 942. The Court of Appeals for the Fifth Circuit upheld the conviction against a challenge that the plea was taken in violation of Rule 11. Id., 942–43.

The defendant argues that Rule 11 embodies constitutional requirements regarding guilty pleas and our own rules §§ 711–713 mirror the federal rule. Even if we assume that this is substantially so; see *United States* v. *Dayton,* supra, 946 (Brown, C. J., concurring); *Dayton* makes clear that single-word responses do not necessarily render guilty pleas constitutionally infirm.

The charge in this case was not complex. It involved entering a private dwelling without permission of the owner with the intent to commit larceny. The defendant stated that he understood the charge and thereafter admitted that he drove his wife's car to a certain residence in Guilford with the intention of "robbing" it, that he and a companion entered the dwelling for the purpose of stealing the television set, that upon being surprised by a neighbor in the course of the burglary the two ran away leaving the television set in the driveway next to the car. The record further discloses that the defendant understood that by pleading guilty he waived his constitutional right to a jury trial, his right to confront his accusers and his privilege against self-incrimination and that he was entering his plea voluntarily after discussing the matter with his attorney. The defendant's attorney, upon inquiry, knew no legal reason why the guilty plea

should not be accepted. The record sufficiently meets the requisite constitutional standards for the acceptance of guilty pleas. *State* v. *Bugbee,* supra. In addition to the information supplied by the specific responses, the court was entitled to presume that "defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Henderson* v. *Morgan,* 426 U.S. 637, 647, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976); *Blue* v. *Robinson,* 173 Conn. 360, 375–76, 377 A.2d 1108 (1977). Except for those inquiries which are constitutionally mandated or are required by our rules; Practice Book, 1978, §§ 711–713; the court is not obliged to assume the role of the defendant's counselor.

## II

The defendant next argues that the court erred in denying him an evidentiary hearing regarding his claim that he did not understand the plea proceedings because of difficulty with the English language and that he did not knowingly waive his constitutional rights because of ineffective assistance of counsel.

## A

Because the entry of a guilty plea is in effect a conviction and the equivalent of a finding of guilty by a jury; *Kercheval* v. *United States,* 274 U.S. 220, 223, 47 S. Ct. 582, 71 L. Ed. 1009 (1927); *State* v. *Carta,* 90 Conn. 79, 81, 96 A. 411 (1916); "it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy* v. *United States,* 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969). See *Staton* v. *Warden,* 175 Conn. 328, 331, 398 A.2d 1176 (1978).

"Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." *McCarthy* v. *United States,* supra. A motion to withdraw a guilty plea which is filed before the imposition of sentence and which raises an issue regarding the voluntariness of the plea strikes at the heart of due process.

Before a guilty plea is accepted a defendant may withdraw it as a matter of right. Practice Book, 1978, § 720.[2] After a guilty plea is accepted but before the imposition of sentence the court is obligated to permit withdrawal upon proof of one of the grounds in § 721. An evidentiary hearing is not required if the record of the plea proceeding and other information in the court file conclusively establishes that the motion is without merit. See *Fontaine* v. *United States,* 411 U.S. 213, 215, 93 S. Ct. 1461, 36 L. Ed. 2d 169 (1973).

In considering whether to hold an evidentiary hearing on a motion to withdraw a guilty plea the court may disregard any allegations of fact, whether contained in the motion or made in an offer of proof, which are either conclusory, vague or oblique. For the purpose of determining whether to hold an evidentiary hearing, the court should ordinarily assume any specific allegations of fact to be true. If such allegations furnish a basis for withdrawal

---

[2] Practice Book, 1978, § 720 provides: "A defendant may withdraw his plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his plea upon proof of one of the grounds in Sec. 721. A defendant may not withdraw his plea after the conclusion of the proceeding at which the sentence was imposed."

of the plea under § 721³ and are not conclusively refuted by the record of the plea proceedings and other information contained in the court file, then an evidentiary hearing is required.

## B

The defendant's first ground for an evidentiary hearing is that the plea was involuntary because he did not fully understand the plea proceedings due to his difficulty with the English language. At oral argument on the motion the defendant made an offer of proof that he did not understand the plea proceedings because (1) he was less than an adequate master of the English language, (2) he has been speaking English for three years and does not fully understand the language particularly when people speak quickly or in legal jargon, (3) when he pleaded guilty he did not fully understand all that was being said to him in court, and (4) his wife will testify that the defendant ordinarily does not fully understand things unless the simplest language is used and there is a good back and forth exchange.

³ Practice Book, 1978, § 721 provides:

"The grounds for allowing the defendant to withdraw his plea of guilty after acceptance are as follows:

(1) The plea was accepted without substantial compliance with Sec. 711;

(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

(3) The sentence exceeds that specified in a plea agreement which had been previously accepted, or in a plea agreement on which the court had deferred its decision to accept or reject the agreement at the time the plea of guilty was entered;

(4) The plea resulted from the denial of effective assistance of counsel;

(5) There was no factual basis for the plea; or

(6) The plea either was not entered by a person authorized to act for a corporate defendant or was not subsequently ratified by a corporate defendant."

The questions posed by the court prior to its acceptance of the guilty plea appear to be simple and straightforward. The defendant does not claim nor does the record suggest that he required an interpreter or that he was mentally deficient. Although most of the factual assertions in the defendant's offer of proof are vague, conclusory and oblique, the record of the plea proceedings does not conclusively refute the defendant's assertion that he did not fully understand the plea proceedings either because the questions were rapid or because there was not sufficient interchange between court and accused. If in fact there was a sufficient lack of understanding of the plea proceedings for either of these reasons, then the plea cannot truly be said to be voluntary. Because we cannot say on the basis of the present record that under no circumstances could the defendant establish a basis for relief under § 721; see *Fontaine* v. *United States,* supra; the defendant was entitled to an evidentiary hearing on the extent to which he understood the plea proceedings.[4]

## C

The defendant further argues that his plea was tainted by violation of his sixth amendment right to effective assistance of counsel. The basis for this contention is his claim that his arrest was illegal and therefore any statement made by him or identification of him made as a result of the arrest was subject to being suppressed as the fruit of the poisonous tree and that his attorney, by neither moving to suppress this information nor

[4] After hearing evidence from both the defendant and the state, perhaps including the pertinent testimony of the defendant's former attorney, the trial court will have an adequate record on which to make its determination.

explaining to him that by pleading guilty he waived his right, did not provide him with the requisite degree of competent legal assistance.

The keystone to the claim of ineffective assistance of counsel is the asserted illegality of the arrest. The defendant's bald assertion that the arrest was based on mere suspicion is groundless.

The record discloses that in the early afternoon of May 23, 1978, the complaining witness reported a burglary to the Guilford police. The complainant, a neighbor, stated that she observed two males in the driveway of the burglarized residence with a television set belonging to the owners of that house, that when she pulled into the driveway blocking the car parked there the two men fled into the woods, that she then approached the house and found the front door to be wide open after which she called the police.

Upon arriving at the scene the police observed an orange car parked in the driveway. When they checked the residence they found the front door wide open and further determined that the house had been forcibly entered through a smashed window in a room on the east side of the house. In an upstairs bedroom they noticed that a stereo had been moved out of place on a shelf, a jewelry box was open, a door to a nightstand was open and coins were strewn about the stairs. In the driveway near the passenger door of the orange car was a large television set, apparently taken from the house.

The complainant described two short males with dark hair, possibly unshaven, possibly Puerto Rican, as the subjects she saw in the driveway who

upon being surprised ran into the woods. About an hour later one of the policemen was advised by a truck driver that he saw two dark-complexioned males walking on a road approximately one mile from the scene of the crime, in the same direction the complainant had indicated the subjects fled. Five minutes later one of the police officers approached the two subjects, who were dark-complexioned, short in height, with dark hair and with moustaches, one wearing a goatee. Both were taken into custody and advised of their rights. One of the subjects, the defendant, admitted that the orange car parked in the driveway belonged to his wife Doreen. The other, Darryl Russell, subsequently gave a statement admitting his involvement in breaking and entering the residence with the defendant.

" 'In order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt. . . . Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trust-worthy information are sufficient in themselves to warrant a man of reasonable caution to believe that a felony had been committed.' *State v. Wilson,* 153 Conn. 39, 42, 212 A.2d 75 [1965]." *State* v. *Wilson,* 178 Conn. 427, 435–36, 423 A.2d 72 (1979). We cannot say that the facts and circumstances supporting the arrest in the present case, measured against this standard, were so weak that defense counsel's alleged failure to pursue the suppression of the fruits of the arrest demonstrates that the defendant did not have the effective assistance of counsel. See *Tollett* v. *Henderson,* 411 U.S. 258, 265–67, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973); *McMann* v. *Richardson,* 397 U.S. 759, 769–71, 90

S. Ct. 1441, 25 L. Ed. 2d 763 (1970); *State* v. *Clark,* 170 Conn. 273, 283, 365 A.2d 1167, cert. denied, 425 U.S. 962, 96 S. Ct. 1748, 48 L. Ed. 2d 208 (1976). The defendant refutes none of the facts in the record. His general characterization of these facts as raising mere suspicion is groundless. With the loss of his "probable cause" keystone his arch of ineffective assistance of counsel crumbles.

There is error, the judgment is set aside and the case is remanded with direction to conduct an evidentiary hearing on the voluntariness of the defendant's guilty plea limited to the defendant's claim that his guilty plea was involuntary due to his claimed difficulty in understanding the English language.

In this opinion COTTER, C. J., and PETERS, J., concurred.

ARTHUR H. HEALEY, J. (concurring). I concur with the result reached in this case setting aside the judgment and remanding it with direction to conduct an evidentiary hearing on the voluntariness of the defendant's guilty plea limited to his claim that his guilty plea was involuntary and to his claimed difficulty in understanding the English language. I recognize that where the record shows on its face, as it does here, that a defendant's entry of his guilty plea has been made voluntarily, this does not preclude the defendant from later disavowing his guilty plea and proving matters outside the record which would negate the original determination of voluntariness. See *Fontaine* v. *United States,* 411 U.S. 213, 93 S. Ct. 1461, 36 L. Ed. 2d 169 (1973); *United States* v. *Hawthorne,* 502 F.2d 1183, 1185 (3d Cir. 1974); *State* v. *LaRoche,* 117 N.H. 127, 370 A.2d

631 (1977). Where, however, a defendant is represented by counsel; cf. *Fontaine* v. *United States* (uncounseled defendant alleging illness and physical abuse while in custody); cf. *Sanders* v. *United States,* 373 U.S. 1, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963) (uncounseled defendant alleging incompetency due to administration of narcotic drugs by medical authorities in attendance at the jail where he was in custody); and there is no indication whatsoever in the record for the need of an interpreter; cf. *United States* v. *Aleman,* 417 F. Sup. 117 (S.D. Texas 1976); a vexing problem is presented. The United States Supreme Court has said that the "indisputable" teaching of *Machibroda* v. *United States,* 368 U.S. 487, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962), and *Fontaine* v. *United States,* supra, is that "the barrier of the plea . . . proceeding record, although imposing, is not invariably insurmountable." *Blackledge* v. *Allison,* 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). *Blackledge* also states that these cases (*Machibroda* and *Fontaine*) do not in the least reduce the force of the original plea hearing. "For the representations of the defendant, his lawyer and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge* v. *Allison,* supra, 73–74. We have said that "[t]he burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty." *State* v. *Slater,* 169 Conn. 38, 46, 362 A.2d 499 (1975); see *State* v. *Battle,* 170 Conn. 469, 476, 365 A.2d 1100 (1976). While the question here is close on whether the court below was presented with enough to justify a

showing of entitlement to an evidentiary hearing on the allegation of the language barrier, I agree that the defendant is entitled to such a hearing here.

BOGDANSKI, J. (dissenting). Connecticut Practice Book, 1978, § 720[1] provides that after acceptance of a guilty plea, the court shall allow the defendant to withdraw his plea upon proof of any one of the grounds listed in Practice Book, 1978, § 721.[2]

"Proof" that the defendant's guilty plea was involuntary requires more than the bald assertion that the defendant has difficulty understanding English. Conclusory, vague or oblique allegations of fact provide an insufficient basis to require an evidentiary hearing pursuant to § 720 particularly

---

[1] "[Practice Book, 1978] Sec. 720. —When Allowed

A defendant may withdraw his plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his plea upon proof of one of the grounds in Sec. 721. A defendant may not withdraw his plea after the conclusion of the proceeding at which the sentence was imposed."

[2] "[Practice Book, 1978] Sec. 721. —Grounds

The grounds for allowing the defendant to withdraw his plea of guilty after acceptance are as follows:

(1) The plea was accepted without substantial compliance with Sec. 711;

(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

(3) The sentence exceeds that specified in a plea agreement which had been previously accepted, or in a plea agreement on which the court had deferred its decision to accept or reject the agreement at the time the plea of guilty was entered;

(4) The plea resulted from the denial of effective assistance of counsel;

(5) There was no factual basis for the plea; or

(6) The plea either was not entered by a person authorized to act for a corporate defendant or was not subsequently ratified by a corporate defendant."

where, as is the case here, the defendant was represented by counsel when he entered his guilty plea and at all subsequent proceedings.

The court did not err in concluding that the defendant's assertions did not amount to a prima facie showing of proof as required by Practice Book, 1978, § 720.

I would therefore find no error.