[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Lois Schallenkamp, a resident of Massachusetts, appeals the decision of the defendant Commissioner of Motor Vehicles to suspend the plaintiff's privilege to operate a motor vehicle in this state pursuant to C.G.S. 14-227b. The appeal is brought pursuant to C.G.S. 4-183.
On October 6, 1990, the plaintiff was arrested for operating a motor vehicle while under the influence of intoxicating liquor. The arresting officer, acting on behalf of the commissioner, suspended the plaintiff's nonresident operating privilege and issued her a temporary operating privilege. The officer took this action because the plaintiff allegedly failed a chemical test which measured her blood alcohol level. By notice dated October 12, 1990, the commissioner notified the plaintiff that pursuant to section14-227b, her operating privilege would be suspended for ninety days, effective November 10, 1990. The notice also informed the plaintiff that she was entitled to a hearing prior to the suspension date. A hearing was requested by the plaintiff.
The hearing was held on October 26, 1990. The plaintiff appeared and was represented by counsel. By decision dated October 27, 1990, the hearing officer set forth his findings of fact and conclusions of law, and upheld the suspension of the plaintiff's operating privilege for ninety days. The basis of CT Page 8068 the suspension was section 14-227b, which provides that the commissioner shall suspend for ninety days the operating privilege of anyone who has been arrested for driving under the influence and whose blood alcohol level at that time exceeded the statutory limit.
Section 14-227b(f) provides, in part, as follows:
 The hearing shall be limited to a determination of the following issues. (1) Did the police officer have probable cause to arrest the person for manslaughter in the second degree with a motor vehicle or for assault in the second degree with a motor vehicle or for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis or did such person submit to such test or analysis and the results of such test of analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one per cent of more of alcohol, by weight; and (4) was such person operating the motor vehicle.
If, after the hearing, the hearing officer finds on any one of these issues in the negative, the commissioner must reinstate the license or operating privilege. In this case, the hearing officer found all of the issues in the affirmative.
The court finds that the commissioner's decision adversely affected a specific personal and legal interest of the plaintiff, her right to operate a motor vehicle in this state, and concluded, therefore, that she is aggrieved by that decision within the meaning of C.G.S. 4-183(a).
The plaintiff attacks the findings and conclusions of the hearing officer concerning the issues enumerated in C.G.S.14-227b(f), set forth above, on two grounds. First, she contends that evidence in the record established that the officer who administered the chemical test was not certified to do so by the Department of Health Services, as required by statute and regulations. Accordingly, she claims the officer's CT Page 8069 report should not have been admitted into evidence at the hearing, and the results of the chemical tests were not a legitimate basis for the suspension of her operating privilege.
The plaintiff's contention that the officer's report was inadmissible may not be sustained. The report, which is part of the record in this appeal, was made under penalty of false statement, C.G.S. 53a-157, and was on a form approved by the commissioner, all as provided in C.G.S.14-227b(c). Although statements contained in the report may be hearsay, they are nevertheless admissible as evidence and may be considered by the hearing officer. Volck v. Muzio, 204 Conn. 507, 518 (1987).
The second part of the plaintiff's theory concerning the report is that the officer's statements and evidence concerning the chemical test results, as contained in the report, should not have been admitted. This theory is based on the claim that the officer was not certified, and it was vigorously advanced at the hearing. The plaintiff argues that Regulations of State Agencies 14-227b-2(c) and 14-227a-1 through 14-277a-10 make certification of the officer who administers a test to be a prerequisite to the admissibility of the test results at the Motor Vehicle Department hearing. The plaintiff misreads those regulation, however. Section 14-277b-2 is a regulation of the Department of Motor Vehicles, and it provides in subsection (c) that a chemical analysis for determining blood alcohol level must be performed in accordance with sections 14-277a-1 through14-227a-10 of regulations promulgated by the Department of Health Services. Section 14-227a-2 of those regulations provides that they apply only to test results that are to be offered as evidence "in a court of law." This interpretation is strengthened by language in C.G.S. 14-227a(c) which requires that a test must be administered by a certified officer when the results are to be offered as evidence "in any criminal prosecution." There is no comparable limitation on the admissibility of test result at the administrative hearing. Rather, for purposes of the administrative hearing, section14-227b-19 of the regulations merely requires that the report containing such results conform to C.G.S. 14-227b(c). That statute makes no reference to certification of the officer by the Department of Health Services. In short, no provision of the statutes or applicable regulations makes certification of the officer a prerequisite to the admission of the test results at the administrative hearing. When such test results are contained in the police officer's report, therefore, they are admissible under the rule of Volck v. Muzio, supra. Of course, evidence of the police officer's certification or lack of certification may be admitted dan considered by the hearing officer as bearing on the credibility of the test results. CT Page 8070
The foregoing discussion is based on the assumption, made only for the sake of the argument, that the police officer was not certified by the Department of Health Services. At the hearing, however, there was evidence in the form of the officer's sworn statement in his report that he was certified. In opposition to that evidence, the plaintiff introduced a document on stationery of the Department of Health Services indicating that the officer's last annual certification was on September 24, 1989. She argued at the hearing and to this court that such certification would have expired in September 1990, prior to the police officer's administering the test in this case. It is axiomatic that the weight to be given to confliction evidence and the determination of factual issues is within the province of the hearing officer. The court will not disturb the hearing officer's factual findings and conclusions if there is substantial evidence which reasonably supports them. Lawrence v. Koslowski, 171 Conn. 705, 707-708 (1976). In this case, the police officer's statement in his report, under oath, that he was certified at the time he administered the test, was evidence which would reasonably support that finding by the hearing officer notwithstanding conflicting evidence presented by the plaintiff. In summary, the admission of the police officer's report and the results of the blood alcohol chemical test at the administrative hearing was authorized by statute and regulations and was supported by factual evidence.
The plaintiff's second major contention is that the police did not have probable cause to arrest the plaintiff for driving under the influence in violation of C.G.S. 14-227a. The police report, which was, as indicated, properly admitted in evidence a the administrative hearing, indicates that the plaintiff was driving her vehicle at 2:00 a.m. on Elm Street in Windsor Locks when she came to a halt in the traveler portion of the road. When the police officer approached, he smelled alcohol on her breath and observed her eyes to be "red and glassy." She admitted that she had been drinking at a bar. The police officer then administered a field sobriety test which the plaintiff, in his opinion, failed. He also observed that the plaintiff "was unsure and hesitant in her movements, swaying and needed to support herself from falling." Based on all of those observations, the officer arrested the plaintiff for driving under the influence.
"In order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt . . . probable cause exists when the fact and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that (a crime) CT Page 8071 has been committed." State v. Torres, 182 Conn. 176, 189
(1980). "Judicial review of the commissioner's action . . . is very restricted. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, (the court) cannot disturb the conclusion reached by him." Lawrence v. Kozlowski, supra. The police report of the plaintiff's condition and actions, as described above, provided substantial evidence to support the conclusion of the hearing officer that there was probable cause to arrest the plaintiff for driving under the influence. That being so, the court must not disturb that conclusion.
For all of the above reasons, the plaintiff's appeal may not be sustained and is dismissed.
MALONEY, J.