[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff John Lang appeals the decision of the defendant Commissioner of Motor Vehicles (Commissioner) suspending his motor vehicles operator's license pursuant to General Statutes 14-227b. This appeal is brought pursuant to 4-183.
The sole basis of the plaintiff's appeal, as set forth in his brief, is that the hearing officer's finding that there was probable cause to arrest the plaintiff on the charge of drunk driving, a violation of 14-227a, was erroneous in view of the evidence on the record.
At the administrative hearing, the police officer who arrested the plaintiff appeared and testified. In addition, the officer's A44 report form was also admitted in evidence. CT Page 3038 The plaintiff, who was represented by counsel, also testified. Photographs taken by plaintiff's counsel were admitted in evidence in the plaintiff's behalf.
The police officer's testimony and report indicated that the officer observed the plaintiff make an abrupt right turn which, in the officer's opinion, was an unsafe turn in violation of General Statutes 14-243. Upon stopping the plaintiff and conversing with him, the officer detected an odor of alcohol on his breath. The plaintiff told the officer that he had consumed five beers over a previous period of several hours. The officer then administered several "performance tests", including the alphabet, finger-to-nose, and counting backwards tests. In his opinion, the plaintiff failed those tests. The officer thereupon arrested him on the drunk driving charge.
The plaintiff's counsel vigorously cross-examined the police officer, covering the circumstances of the initial stop, the administration of the performance tests, and the officer's training and experience. In addition, the plaintiff testified as to his version of the events leading up to his arrest.
"In order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt . . . probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that (a crime) has been committed." State v. Torres, 182 Conn. 189). "Judicial review of the commissioner's action . . . is very restricted . . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, [the court] cannot disturb the conclusion reached by him." Lawrence v. Kozlowski, 171 Conn. 705 (1976). A review of the record, as set forth above, establishes that there was substantial evidence in the form of the police officer's testimony and report, which reasonably supports the Commissioner's finding of probable cause for the plaintiff's arrest. Therefore, even though the plaintiff presented contrary evidence, the court may not override the administrative findings.
For the reasons set forth above, the appeal is dismissed.
MALONEY, J. CT Page 3039