[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant commissioner of motor vehicles ordering suspension of the plaintiff's motor vehicle operator's license. The basis of the commissioner's decision was the plaintiff's refusal to consent to a chemical blood alcohol (BAC) test after her arrest for operating under the influence of alcohol, as provided in C.G.S. 14-227b. The court finds the issues in favor of the defendant commissioner.
The sole basis of the plaintiff's appeal is that there was insufficient evidence to support the hearing officer's finding of probable cause for the plaintiff's arrest on the drunk driving charge. She incorporated in her argument the claim that the police were not justified in initially stopping her for investigation. CT Page 1264
The A-44 police report indicates that the police had received a tip from an ambulance driver that the plaintiff's vehicle was being operated erratically. Some time thereafter, at 1:20 a.m, the police officer saw the vehicle stopped on the shoulder of Route 9 in Deep River. He approached the vehicle on the driver's side and spoke to the plaintiff. The police report indicates that the officer smelled "a distinct odor of liquor . . . The [plaintiff's] physical appearance was sloppy, shoes off, shirt out of pants, hair uncombed, extreme slurred speech. She was also slow motor skills when looking for I.D. . . . I then asked her to exit the vehicle, she again refused and attempted to drive away, I reached in and shut off the vehicle, she tried to close the door on me so I . . . lifted her out of the vehicle, she could not stand up, I had to hold her from falling. I then placed her under arrest . . ."
A police officer need not have probable cause to stop a motor vehicle. A brief investigatory stop is proper even in the absence of probable cause if the police have a "reasonable and articulable suspicion that a person has committed or is about to commit a crime." State v. Lamme,216 Conn. 172, 184 (1990). In this case, the police did not stop the plaintiff; rather, the officer saw her, already stopped, and merely approached the vehicle to investigate. Even if he had not received the tip from the ambulance driver, the officer would have been justified in investigating a vehicle stopped on the shoulder of a limited access highway at 1:20 a.m. The intrusion was minimal, and the circumstances demanded investigation. See State v. Mitchell, 204 Conn. 187, 196 (1987), holding that the test of the legality of an investigatory stop "balances the nature of the intrusion upon personal security against the importance of the governmental interest inducing the intrusion."
As soon as he did confront the plaintiff, however, the police officer had ample evidence to support his suspicion that she had been operating under the influence of liquor. And this evidence escalated quickly to provide probable cause for the arrest. "In order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt . . . probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are CT Page 1265 sufficient in themselves to warrant a man of reasonable caution to believe that [a crime] has been committed." State v. Torres, 182 Conn. 176, 189 (1980). "Judicial review of the commissioner's action . . . is very restricted. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, [the court] cannot disturb the conclusion reached by him." Lawrence v. Kozlowski, 171 Conn. 705 (1976).
The plaintiff's appeal is dismissed.
Maloney, J.