[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the commissioner of motor vehicles ordering suspension of the plaintiff's motor vehicle operator's license. The basis of the commissioner's decision was the plaintiff's refusal to consent to a chemical blood alcohol test after his arrest for operating under the influence of alcohol, as provided in C.G.S. 14-227b.
Section 14-227b(a) provides that "any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine. . . ." If the individual refuses to submit to a test, the commissioner must suspend his operator's license. Subsection (f) of section 14-227b provides that any person whose license has been suspended is entitled to a hearing, and the hearing is limited to four issues.
 (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor?
(2) Was such person placed under arrest?
(3) Did such person refuse to submit to the test?
(4) Was such person operating the motor vehicle?
The statute further provides that after the hearing the commissioner shall reinstate the operator's license if any of the issues are found in the negative. Following the hearing in this case, the commissioner found all of the issues in the affirmative.
The plaintiff testified at the agency hearing on the suspension and was represented at that hearing by his attorney. At the hearing, the police officer's report, on motor vehicle department form A44, was admitted in evidence without objection CT Page 2981 of the plaintiff's attorney.
The plaintiff advances three related arguments in support of his appeal. First, he contends that "the police did not have probable cause to approach and detain the plaintiff." Secondly, he argues that there was insufficient evidence to support the commissioner's finding that he had been operating the vehicle. Third, he argues that there was insufficient evidence to establish that the plaintiff's blood alcohol level exceeded the legal limit at the time of the alleged offense.
The plaintiff's third argument, relating to his blood alcohol limit, is plainly meritless. The plaintiff admits that he refused to be tested, and that was the factor which was the basis of his license suspension. His blood alcohol level was never a factor in the case.
Evidence concerning operation of the vehicle and probable cause consisted of the police report and the plaintiff's testimony. The police report states that the officer came upon the vehicle while it was parked on the right shoulder of the southbound lane of Route 8 in Litchfield. The plaintiff "was sitting behind steering wheel, key was in ignition, and (the plaintiff) stated he was driving vehicle. Vehicle was parked. Operator vomitted (sic) on shirt and pants, bloodshot eyes, having odor of alcohol on person and (the plaintiff) was sleeping." The officer woke the plaintiff and administered the usual field sobriety tests. In the officer's opinion, the plaintiff failed the tests. At that point, the officer arrested the plaintiff on the drunk driving charge. At the administrative hearing, in response to a question from the hearing officer, the plaintiff admitted that he had driven the vehicle to the place where the police found it.
A police officer need not have probable cause to stop a motor vehicle. A brief investigatory stop is proper even in the absence of probable cause if the police have a "reasonable and articulable suspicion that a person has committed or is about to commit a crime." State v. Lamme, 216 Conn. 172, 184 (1990). In this case, the police did not stop the plaintiff rather, the officer saw him already stopped, and merely approached the vehicle to investigate. The officer was justified in investigating a vehicle stopped on the shoulder of a limited access highway. The intrusion was minimal, and the circumstances demanded investigation. See State v. Mitchell, CT Page 2982204 Conn. 187, 196 (1987), holding that the test of the legality of an investigatory stop "balances the nature of the intrusion upon personal security against the importance of the governmental interest inducing the intrusion."
As soon as he did confront the plaintiff, however, the police officer had ample evidence to support the suspicion that he had been operating under the influence of liquor. And this evidence escalated quickly to provide probable cause for the arrest. "In order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt . . . probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that [a crime] has been committed." State v. Torres, 182 Conn. 176, 189
(1980). "Judicial review of the commissioner's action . . . is very restricted. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, [the court] cannot disturb the conclusion reached by him." Lawrence v. Kozlowski, 171 Conn. 705 (1976).
The plaintiff's appeal is dismissed.
Maloney, J.