[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant commissioner of motor vehicles ordering suspension of the plaintiff's motor vehicle operator's license. The basis of the commissioner's decision was the plaintiff's refusal to consent to a chemical blood alcohol (BAC) test after his arrest for operating under the influence of alcohol, as provided in C.G.S.14-227b. The court finds the issues in favor of the defendant commissioner.
Section 14-227b(a) provides that "any person who operates a motor vehicle in this state shall be deemed to have given his CT Page 4321 consent to a chemical analysis of his blood, breath or urine . . . ." (Emphasis added). If the individual refuses to submit to a test, the commissioner must suspend his operator's license. Subsection (f) of section 14-227b provides that any person whose license has been suspended is entitled to a hearing, and the hearing is limited to four issues.
 (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor?
(2) Was such person placed under arrest?
(3) Did such person refuse to submit to the test?
(4) Was such person operating the motor vehicle?
The statute further provides that after the hearing the commissioner shall reinstate the operator's license if any of the issues are found in the negative. Following the hearing in this case, the hearing officer designated by the commissioner found all of the issues in the affirmative, and the commissioner sustained the suspension.
In his brief and at oral argument on this appeal, the plaintiff advances two arguments as the bases for his appeal: (1) that there was insufficient evidence to support the hearing officer's finding that the plaintiff refused to submit to the BAC test; and (2) that there was insufficient evidence to support the hearing officer's finding that the police had probable cause to arrest the plaintiff.
At the administrative hearing in this case, the plaintiff appeared and testified and also offered considerable evidence relating to his physical condition at the time of his arrest. The point of this evidence was to provide an explanation for his performance of the field sobriety tests that the police administered prior to arresting him. The police officer who arrested the plaintiff, Officer Mill of the Clinton Police Department, also appeared and testified. In addition, the officer's A-44 report of the arrest was admitted in evidence over the objection of the plaintiff. The plaintiff has not appealed that evidentiary ruling, however.
According to the police officer's testimony and his written CT Page 4322 report, he observed the plaintiff follow another vehicle too closely and then pass it on the right. He concluded that these actions constituted motor vehicle violations and, accordingly, he stopped the plaintiff. He detected an odor of alcohol, slurred speech and "eyes red and glassy." His report states that the plaintiff "needed to use the car to balance against, was swaying noticeably." He noted that the plaintiff had a previous leg injury which would affect his performance on some sobriety tests. He administered the usual tests, and, in his opinion, the plaintiff failed them. He thereupon arrested the plaintiff on the drunk driving charge.
The plaintiff's attorney vigorously cross-examined Officer Mill. As indicated above, the plaintiff also testified concerning his physical condition and performance on the tests and introduced copious evidence of his prior injuries. Nevertheless, the hearing officer found that the police had probable cause to arrest the plaintiff, based on the evidence summarized above.
"In order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt . . . probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that (a crime) has been committed." State v. Torres, 182 Conn. 176, 189
(1980). "Judicial review of the commissioner's action . . . is very restricted . . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, [the court] cannot disturb the conclusion reached by him." Lawrence v. Kozlowski, 171 Conn. 705 (1976).
A review of the record, as set forth above, establishes that there was substantial evidence in the form of the police officer's testimony and report, which reasonably supports the commissioner's finding of probable cause for the plaintiff's arrest. Therefore, even though the plaintiff presented contrary evidence, the court may not override the hearing officer's findings and conclusions on the issue of probable cause in this case.
The plaintiff's second claim in this case relates to his CT Page 4323 alleged refusal to submit to a chemical test of his breath. This claim is succinctly stated in his brief as follows:
 The evidence in the record indicates that the arresting officer in this case told the (plaintiff) certain information fully set forth at page 68 and 69 of the transcript. The information given to the (plaintiff) indicates that the officer informed him he was required to submit to a chemical test and that he had the right to refuse a blood test in which case another test would be elected. While the officer indicated that he informed (plaintiff) that the officer elected the breath test, the officer further indicates that he then continued to advise (plaintiff) relative to chemical testing and whether or not (plaintiff) would elect to take a chemical test. The officer indicated that (plaintiff) requested that a blood test be given.
In essence, the plaintiff claims that he was confused by the police officer's explanation of his options and the consequences of his refusal to take the breath test.
The court has reviewed the police officer's testimony at pages 68-69 of the hearing transcript, which the plaintiff concedes is an accurate replay of what he told the plaintiff at the time of his arrest. While Officer Mill's explanation might at first have given the plaintiff some notion that the plaintiff had an absolute right to have a blood test, the overall import of Officer Mill's testimony, especially including his answer to the plaintiff's attorney's question on page 70 of the transcript, indicates that the officer correctly informed the plaintiff of the requirements of the implied consent law. Furthermore, that law does not require, as a prerequisite to license suspension, that the commissioner find that the motorist fully understand what he or she has been told by the police. Buckley v. Muzio, 200 Conn. 1, 8 (1986). The plaintiff's argument concerning the issue of refusal to be tested cannot be sustained.
The plaintiff's appeal is dismissed.
Maloney, J. CT Page 4324
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4324-A