[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff William Fay appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to consent to a chemical test of the alcohol content of his blood after being arrested for driving under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
At the administrative hearing, the plaintiff appeared, represented by counsel, and testified. The hearing officer also admitted in evidence the police report on the A 44 form and the police officer's accident report form.
The police reports state that on October 1, 1994, the West Haven police were dispatched to investigate a motor vehicle accident in that town. The police determined that the plaintiff had rear-ended another vehicle, which was stopped at a red light, injuring five CT Page 1548 people. When the police officer first spoke to the plaintiff in his vehicle, he noticed an odor of alcohol on the plaintiff's breath. He saw empty beer cans and a full case of beer on the floor of the passenger side of the vehicle. The report states that the plaintiff's speech was slurred. In response to the officer's question, the plaintiff admitted that he had been drinking. The plaintiff told the officer that he suffered from a seizure disorder for which he was taking medication. The officer asked the plaintiff to exit his vehicle and when he did, the officer noted that the plaintiff was very unsteady. The officer determined that it would be unsafe to subject the plaintiff to the usual field sobriety tests. He believed, however, that he had probable cause at that point in his investigation to arrest the plaintiff on the charge of operating under the influence, and he did so. At that point, the officer had not advised the plaintiff of his rights under Miranda v.Arizona, 384 U.S. 436 (1966).
In his testimony at the hearing and in his brief to this court, the plaintiff does not dispute the facts related by the police as summarized above. Rather, the plaintiff advances the following arguments in support of his appeal to this court: (1) that the report of his alleged statement to the police officer that he had been drinking should not have been admitted in evidence; (2) that there was insufficient evidence to support the hearing officer's finding of probable cause; (3) that the inferences and conclusions of the police concerning the plaintiff's condition violated his rights under the Americans with Disabilities Act; and (4) the failure of the hearing officer to indicate subordinate findings of fact violated the plaintiff's rights to due process of law.
The plaintiff's argument concerning the admissibility of his statement that he had drunk beer prior to his encounter with the police is based on the fact that he made that statement prior to being advised of his Miranda rights. He cites no authority, however, for the proposition that such advisement is a necessary prerequisite to the admissibility of an incriminating statement as evidence in an administrative or other civil proceeding. Furthermore, even if the Miranda rule has CT Page 1549 some applicability in license suspension proceedings, it does not apply here. In this case, the plaintiff's statement was made to the officer during the latter's routine investigation of a motor vehicle accident while the plaintiff was sitting in his car, not in police custody. Under such circumstances, the Miranda rule does not apply. State v. Smith, 174 Conn. 118, 121 (1977).
The plaintiff's claim that the evidence was insufficient to support the hearing officer's finding of probable cause is predicated on the elimination from evidence of his admission that he had been drinking. Since the hearing officer properly admitted the plaintiff's statement, the argument cannot be sustained.
Furthermore, "[i]n order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt . . . probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that (a crime) has been committed." State v. Torres, 182 Conn. 176, 189 (1980). In the present case, even without the plaintiff's statement, there was ample and substantial evidence, summarized above, to support the hearing officer's determination that the police had probable cause to arrest the plaintiff when they did.
The plaintiff's argument concerning the American with Disabilities Act is based on his assertion that the police officer ignored the plaintiff's disability, the seizure disorder, in concluding that he had probable cause to arrest the plaintiff for driving while intoxicated in violation of § 14-227a. That, the plaintiff claims, constituted discrimination by the police on the basis of his physical disability, thereby violating the Act. The plaintiff further claims, in the same vein, that the omission from the drunk driving statute of any provision to safeguard those who are disabled from being wrongfully accused renders the statute invalid under the Act and unconstitutional, as applied to him, under the state constitution, article first, § 20. CT Page 1550
It is well established that a challenge to a duly enacted statute on the basis that it is unconstitutional carries a heavy burden. Indeed, constitutional flaws must be proved beyond a reasonable doubt. State v. Floyd,217 Conn. 73, 79 (1991). In this case, the plaintiff claims in essence that the federal statute and state constitution impose limitations on the conclusions and inferences that a police officer may draw from the actions and statements of a suspect in the determination of probable cause to arrest. He concedes that he can cite no authority in support of this contention, however. His claim, furthermore, would seem to be based on a misperception of the process by which the police legally arrive at a probable cause determination.
As noted earlier, a police officer may determine that probable cause to arrest exists "when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that (a crime) has been committed." (Emphasis added.) State v. Torres, supra. In reviewing the officer's determination, the evidence must be examined from the viewpoint of the officer at the time the determination is made. The determination "does not and cannot turn on other evidence that may be produced at some later time in an attempt to explain away the evidence used by the officer for concluding that he had probable cause to arrest the defendant." State v. Royce,29 Conn. App. 512, 518 (1992).
In the present case, the police officer at the scene had a great deal of evidence to consider, including, but not limited to, the plaintiff's statement that he had a disability and was taking medication. There is nothing in the law that required the officer to ignore all the other evidence and focus only on the asserted disability. Furthermore, there is nothing in the record to indicate that the police officer overlooked the plaintiff's statements concerning his disability. Indeed, his reports duly note the statements, including even the kinds of medication the plaintiff was taking. The plaintiff's arguments in this regard may not be sustained.
The plaintiff's final argument is that he was denied CT Page 1551 due process by the failure of the hearing officer to state subordinate findings of fact. Section 14-227b
provides that the administrative hearing shall be limited to a determination of four issues: (1) did the police have probable cause to arrest the plaintiff; (2) did the police arrest the plaintiff; (3) did the plaintiff refuse to submit to a chemical test of the alcohol content of his blood; and (4) was the plaintiff operating the motor vehicle. In the final decision in the present case, the hearing officer states that he found all of those issues in the affirmative.
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Board of Education v. Freedomof Information Commission, 208 Conn. 442, 452 (1988). Furthermore, "if the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. Building Wrecking Co. v. Carrothers,218 Conn. 580, 601 (1991).
Although the hearing officer did not write a memorandum setting forth in detail the findings of fact that supported his determinations on the issues, the court has reviewed the whole record of the administrative proceeding. The evidence that was material to the hearing officer's decision on the statutory issues consisted of the police reports and the plaintiff's testimony. These pieces of evidence conflicted at various points.
General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." The hearing officer was entitled, therefore, to credit fully the written police reports and to disbelieve the plaintiff's testimony in whole or in part, The CT Page 1552 hearing officer obviously did just that. Those reports clearly supported the hearing officer's determinations on the required issues. In accordance with § 4-183(j), the court may not interfere with that factfinding process.Connecticut Light Power Company v. Department of PublicUtility Control, 219 Conn. 51, 57-58 (1991).
The plaintiff's appeal is dismissed.
MALONEY, J.