[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Mary Ellen Murphy appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical analysis of her blood after having been arrested on a charge of driving while under the influence of intoxicating liquor or any drug or both, in violation of § 14-227a. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
At the hearing conducted by the department of motor vehicles, the hearing officer offered into evidence the report of the police officer who arrested the plaintiff. This was on the CT Page 11411 department's A 44 report form and there was attached the officer's supplemental report in narrative form. The plaintiff did not object to the admission of this report. The defendant commissioner did not offer any other evidence relevant to the issues raised by this appeal. The plaintiff testified at the hearing and presented some documentary evidence, including some photographs.
Following the hearing, the hearing officer rendered his final decision, determining, inter alia, that the plaintiff operated the vehicle and that the police had probable cause to arrest her for violating § 14-227a. It is those two findings that the plaintiff contests in this appeal.
The plaintiff argues that the hearing officer erroneously found that she had been operating the vehicle. The basis of this contention is that the police never observed her doing so. In his report, however, the arresting officer relates that the plaintiff admitted to him that she had driven the vehicle and parked it on the river bank prior to its slide into the river. "When hearsay statements have come into a case without objection they may be relied upon by the trier, in proof of the matters stated therein, for whatever they were worth on their face." (Citations and internal quotation marks omitted.) Volck v. Muzio, 204 Conn. 507, 518 (1987). The hearing officer was thus entitled to find that the plaintiff admitted to the police that she had been operating the vehicle. That is substantial evidence of operation. The fact that the plaintiff was not operating the vehicle when it rolled into the river is of no significance. The hearing officer's finding of fact on the issue of operation was not erroneous.
The plaintiff also argues that the hearing officer erroneously found that the police had probable cause to arrest the plaintiff for violating § 14-227a. This contention is based primarily on the fact that the police had no evidence that the plaintiff was operating the vehicle when it rolled into the river.
General Statutes § 14-227b requires the motor vehicle department hearing officer to determine, inter alia, "(1) Did the police officer have probable cause to arrest the person for . . . operating a motor vehicle while under the influence of intoxicating liquor or drug or both. . . ." The hearing officer's task, therefore, is to examine the evidence from the viewpoint of CT Page 11412 the arresting officer. State v. Merritt, 36 Conn. App. 76, 85-86
(1994). The inquiry is whether the police officer, on the basis of the facts within his knowledge at the time, had probable cause to arrest the person. "In order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt . . . probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that (a crime) has been committed." State v. Torres, 182 Conn. 176,189 (1980).
In the present case, the police officer responded to the report of a motor vehicle accident. At the scene, according to his report, the officer found the plaintiff standing on Spruce Bank Road in Hamden. She told the officer that she had driven there, parked her car, got out, and then the car rolled down an embankment into the river. The officer states in his report that he smelled alcohol on the plaintiff's breath, that she staggered when she walked, that her speech was slurred, and that her eyes were glassy and bloodshot. The plaintiff stated that she had not been drinking but that she was "heavily medicated." The officer's report states that he administered some field sobriety tests which the plaintiff, in the officer's opinion, failed. The officer thereupon arrested the plaintiff on the charge of driving under the influence.
"Judicial review of the commissioner's action . . . is very restricted. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, (the court) cannot disturb the conclusion reached by him." Lawrence v.Kozlowski, 171 Conn. 705 (1976). A review of the record, as set forth above, establishes that there was substantial evidence in the form of the police officer's report which reasonably supports the hearing officer's finding that the police officer had probable cause to arrest the plaintiff. Again, the fact that the plaintiff was not operating the vehicle when it rolled into the river is of little significance. The plaintiff admitted to the police officer that she drove the vehicle to the place from which it subsequently rolled into the river. When the officer observed her, she exhibited unmistakable signs of intoxication. It was not unreasonable for the officer to believe that the plaintiff was intoxicated when she drove her vehicle and parked it at the spot CT Page 11413 where it commenced its descent. The plaintiff's argument on the probable cause issue may not be sustained.
Lastly, the plaintiff argues that the hearing officer's decision should be reversed because he did not indicate any subordinate findings of fact. The short answer to this argument is that the record contains ample and substantial evidence to support the ultimate findings of fact made by the hearing officer. Articulation of subordinate findings was not necessary, therefore.
The plaintiff's appeal is dismissed.
MALONEY, J.