[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the petitioner Peter Gonda's petition for writ of habeas corpus[1] seeking among other things a new trial based upon ineffective assistance of trial counsel. Specifically, the petitioner claims that trial counsel: "a) coerced him into accepting the plea agreement so that his codefendant mother would receive a better disposition in her case; b) failed to adequately investigate the severe emotional distress he was suffering from at the time of the plea; c) refused to allow petitioner sufficient time to properly consider whether to accept the plea [offer] or go to trial; and d) failed to adequately argue the motion to withdraw his guilty plea."[2]
The petitioner was twenty-four years of age at the time of his pleas of guilty under the Alford doctrine[3] to murder and conspiracy to commit murder. He graduated from high school and completed one semester of college.
The petitioner did not sustain his burden of proof that at the time he entered his Alford pleas of guilty he was coerced as a result of a promise that his mother would receive a better disposition of her case. CT Page 10313 The petitioner also failed to prove that he was under severe emotional distress at the time of his pleas and therefore trial counsel had no duty to investigate the same. Furthermore, contrary to the testimony of the petitioner, the habeas court finds that he was given sufficient time to properly consider whether he should accept the offer from the state or go to trial.
The canvas of the petitioner by the trial judge before accepting the plea was thorough and complete. It indicates that the petitioner was not under pressure to enter the pleas and that his pleas were voluntary. During the trial court's canvas, on whether he had an understanding as to the forty year sentence that could be imposed, the petitioner answers: "Absolutely, your honor." Indeed, the transcript supports the trial court's findings that "the pleas are entered knowingly, intelligently, voluntarily, with understanding of the charges and their possible penalties."
The petitioner's final claim is that his trial counsel "failed to adequately argue the motion to withdraw [his] guilty plea[s]." This claim must be put in its proper perspective. The petitioner makes no claim in his "Third Amended Petition" that trial counsel was ineffective because he failed to request an evidentiary hearing on his motion to withdraw his guilty pleas. See State v. Torres, 182 Conn. 176, 185-86 (1980). Rather, it is simply a claim that trial counsel inadequately argued the motion.
A review of the transcript of the hearing on the motion to withdraw the petitioner's Alford pleas indicates the trial counsel was less than enthusiastic. Indeed, if the transcript did not identify trial counsel as the speaker, habeas court would have assumed that the argument was being made to deny the motion by the State's Attorney. Trial counsel argued as follows: "Your Honor, this matter was scheduled before Judge Hartmere for jury selection on 2/19. Judge Hartmere allowed Mr. Gonda to meet with his mother. Then thereafter, he indicated to me he wished to change his plea. He did plea on 2/19, your Honor, and is scheduled to be sentenced the 4th — April 4th". I was contacted a week or two after the plea, your Honor, from Mr. Gonda, and he indicated to me that he was under duress at the time of the plea and did not understand the legal proceedings that were occurring before him; that essentially, your Honor he's — if I understand his position, he did not enter his plea knowingly, did not understand the legal ramifications of his plea.
"I did, in response to that, your Honor, file a motion to withdraw the plea. I did order a transcript which I did receive, and I gave my copy to your Honor this morning. I have reviewed the plea canvass, and I do not see any legal problems with the plea. The plea seems to have been canvassed and the minimum and maximum sentences were advised. I don'tCT Page 10314believe I have a basis based on the transcript from what I've reviewed. Essentially, your Honor, I think Mr. Gonda's basis before your Honor this morning would be that he was under duress at the time of his plea of guilty to murder and conspiracy to commit murder, and that after having time to — and that he just simply didn't understand the legal ramifications.
"Your Honor, he's indicated to me in addition to that, he was not `in the right state of mind,' that he had met with his mother for the first time in a year, and it was emotional. He just simply didn't understand what he was doing." (Emphasis supplied).
Assuming that trial counsel's performance constituted ineffective assistance of counsel, the petitioner would still not be entitled to habeas relief. "Where the criminal defendant presents a claim of actual ineffectiveness; Strickland v. Washington, [466 U.S. 668, 686 (1984)]; that is, when he challenges his lawyer's performance in the trial court, he must show that: (1) his counsel's performance was deficient in the sense that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) the deficient performance prejudiced the defense; id., 687; in the sense that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id., 694. In such a case, therefore, the defendant must establish (1) deficient performance, and (2) actual prejudice." (Internal quotation marks omitted) Phelps v. Warden, 220 Conn. 112, 132 (1991).
Even if trial counsel on the motion to withdraw the plea argued enthusiastically, it would not have been granted by the trial court based upon the transcript of the hearing when the petitioner entered his Alford plea. The trial judge's canvass of the petitioner, as indicated above, was complete and indicated that the plea was entered voluntarily and knowingly.
The petition is denied.
Berdon, Judge Trial Referee