[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant department of motor vehicles (department) ordering suspension of the plaintiff's motor vehicle operator's license. The basis of the department's decision was the plaintiff's refusal CT Page 3369 to consent to a chemical blood alcohol (BAC) test after his arrest for operating under the influence of alcohol, as provided in C.G.S. 14-227b. The court finds the issues in favor of the defendant department.
Section 14-227b(a) provides that "any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine. . . ." If the individual refuses to submit to a test, the department must suspend his operator's license. Subsection (f) of section 14-227b provides that any person whose license has been suspended is entitled to a hearing, and the hearing is limited to four issues.
 (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor?
(2) Was such person placed under arrest?
(3) Did such person refuse to submit to the test?
(4) Was such person operating the motor vehicle?
The statute further provides that after the hearing the department shall reinstate the operator's license if any of the issues are found in the negative. Following the hearing in this case, the hearing officer designated by the department found all of the issues in the affirmative, and the department sustained the suspension.
In his brief and at oral argument on this appeal, the plaintiff advances two arguments as the bases for his appeal: (1) that there was insufficient evidence to support the hearing officer's finding that the police had probable cause to arrest the plaintiff; and (2) that the plaintiff's constitutional rights were violated by the police videotape of his conversation with his attorney.
At the administrative hearing in this case, the police officer who arrested the plaintiff, Officer Stavola of the Wethersfield Police Department, appeared and testified. In addition, the officer's A44 report and his case incident report were admitted in evidence without objection. CT Page 3370
The police officer's testimony at the hearing and his report, if believed by the hearing officer, indicated that the police stopped the plaintiff after tracking his vehicle by radar at 55 m.p.h. in a 35 m.p.h. speed zone. The police report and testimony further indicated that the plaintiff smelled of alcohol and that the plaintiff failed the usual field sobriety tests.
For his part, the plaintiff introduced excerpts from the U.S. Department of Transportation National Highway Traffic Safety Administration manual on roadside sobriety testing. He also testified himself concerning the location and manner in which the sobriety tests were administered. This evidence, if believed by the hearing officer, tended to show that the police did not follow the instructions and recommendations in the manual for administering the tests. The plaintiff also testified that he had an eye condition that interfered with the proper administration of the nystagmus test.
In effect, the plaintiff argues that the hearing officer's factual findings on the issue of probable cause were erroneous; that is, that the plaintiff's evidence was more credible and should have been given more weight than that offered by the police. This argument, however, misconstrues the court's role in administrative appeals. "Judicial review of the commissioner's action . . . is very restricted. The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and if there is evidence . . . which reasonably supports the decision of the commissioner, (the court) cannot disturb the conclusion reached by him." Lawrence v. Kozlowski, 171 Conn. 705 (1976). In this case, the question was the sufficiency of the evidence which the police had to support their determination of probable cause. "In order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt . . . probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonable trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that (a crime) has been committed." State v. Torres, 182 Conn. 176, 189
(1980). In this case, there was ample evidence, including Officer Stavola's reports and his testimony, which was sufficient under the law applicable to administrative CT Page 3371 proceedings to support the hearing officer's finding that the police had probable cause to arrest the plaintiff. This is true notwithstanding the presence of conflicting evidence offered by the plaintiff. The plaintiff's arguments relating to probable cause may not be sustained.
The second basis of the plaintiff's appeal is that the department's hearing officer "observed the recorded conversation between the plaintiff and his attorney." Plaintiff's Brief, p. 10. He contends that his rights under the Sixth Amendment to the U.S. Constitution were thereby violated.
The undisputed facts concerning this situation are as follows: The police videotaped the plaintiff, with his knowledge, during the course of his confinement under arrest at the police station. At one point, the plaintiff had a telephone conversation with his attorney. This was prior to the plaintiff's decision not to submit to a chemical blood alcohol level test. The arresting police officer, who was present, seemed to make some attempt to turn off the sound recording device, leaving the video recording on. The police officer then left the room, indicating to the plaintiff that the conversation with the attorney would be private. In fact, however, unbeknownst to the plaintiff, and perhaps unbeknownst to the police officer as well, the officer had merely reduced the sound volume so that, on replay, with the volume level turned to the maximum, it is possible to hear the plaintiff as he talks to his attorney.
At the administrative hearing before the department's hearing officer, the plaintiff, through his attorney, introduced the videotape in evidence, including the portion showing the conversation with his attorney. As indicated in oral argument to the hearing officer, the plaintiff's purpose in introducing the tape was to show that the plaintiff did not exhibit outward signs of intoxication and to show the existence of some animosity and possible bias on the part of the arresting police officer. See Record, Transcript Vol. II, pp. 32-33. At no time during the administrative hearing did the plaintiff object to the prior taping of his conversation with the attorney nor to the hearing officer's viewing and hearing that portion of the videotape. He raises those objections for the first time here. CT Page 3372
The surreptitious recording by the police of a conversation between a criminal defendant and his or her attorney is indefensible. At a minimum, such recordings are inadmissible in a criminal trial against a defendant who timely objects. State v. Ferrell, 191 Conn. 37, 45 (1983). This rule is not so absolute or so far reaching, however, as to protect an accused in every circumstance and regardless of his own actions. An accused may, for example, waive the privilege of confidentiality and voluntarily reveal the contents of a communication with his or her attorney. In State v. Ferrell, supra, the defendant objected to the introduction of testimony concerning communications with his attorney. Presumably, however, the defendant in that case could have waived the privilege and introduced the evidence himself if that would have suited his purpose and if the evidence would have been otherwise admissible.
In the present case, the plaintiff not only did not object to the introduction of the videotape, it was he who moved to introduce it in the first place. And, after playing the tape at the hearing, the plaintiff still made no objection but rather used the tape as the basis of a portion of his final argument to the hearing officer. The law is clear that a party may waive constitutional rights during an administrative hearing by failing effectively to assert them. Dragan v. Medical Examining Board, 233 Conn. 618, 629-632 (1992). In the instant case, the court concludes that the plaintiff waived his right to exclude from the administrative hearing evidence of the videotaped conversation with his attorney.
The plaintiff asserts no other error on the part of the department; its decision must, therefore, be affirmed.
The appeal is dismissed.
Maloney, J. CT Page 3373