[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant Commissioner of Motor Vehicles (Commissioner) ordering suspension of the plaintiff's motor vehicle operator's license. The basis of the Commissioner's decision was the plaintiff's refusal to consent to a chemical blood alcohol (BAC) test after his arrest for operating under the influence of alcohol, as provided in C.G.S. 14-227b. The court finds the issues in favor of the defendant Commissioner.
Prior to the administrative hearing, the plaintiff's attorney issued a subpoena to the arresting officer commanding him to appear to testify at the hearing. The officer did not appear at the hearing in response to the subpoena. However, his written report of the arrest, the A44 form, was admitted in evidence without objection. The plaintiff, who was represented by counsel at the hearing, testified himself, along with two other witnesses who testified in his behalf. Neither the plaintiff nor his attorney objected or even commented on the nonappearance of the police officer, and they did not request a continuance so that they could make further efforts to have him present.
The plaintiff advances two arguments as the bases of his appeal. First, he claims that Regulations of State Agencies14-227b-18(b) violates his constitutional right to present evidence and cross-examine adverse witnesses. That regulation reads as follows:
 (b) A person arrested for an enumerated offense may at his own expense and by his own solicitation summon to the hearing the arresting officer and any other witnesses to give oral testimony. The failure to appear CT Page 6894 at the hearing of any witness summoned by the person arrested shall not be grounds for such person to request a continuance or dismissal of the hearing.
The plaintiff contends that this regulation totally muzzled him at the hearing, depriving him of the opportunity even to raise the subject of the recalcitrant police officer. He was powerless, he argues, to object to proceeding without the missing adverse witness, prevented from even requesting a continuance, and unable to object to the officer's written report.
The court would take a very critical view of a license suspension hearing where the record indicates that the arresting police officer had intentionally disobeyed a valid subpoena commanding him or her to appear and give evidence. Such testimony would very likely be crucial to the fact finding process which the hearing officer must follow. Depending upon the circumstances, such dereliction on the part of a police officer might well cause the court to reverse the hearing officer's decision or, at least, remand the case for a new hearing to which the police could again be summoned.
In this case, however, the circumstances do not lead to a reversal or remand. The reason is that the plaintiff made absolutely no objection to the hearing going forward without the subponaed officer and made no objection to the introduction of the officer's report in his absence. Indeed, at the hearing, the plaintiff treated the officer's absence as a non-issue. The plaintiff now argues that the regulation effectively silenced him. In the court's view, however, the language of the regulation does not prohibit a party at a license suspension hearing from aggressively asserting the right to summon witnesses and present evidence and objecting to the proceeding if prevented from doing so. On the other hand, the law is clear that a party may waive constitutional rights during an administrative hearing by failing effectively to assert them. Dragan v. Medical Examining Board, 233 Conn. 618, 629-632
(1992). It is also clear that a party may not sit back, await the result, and, if unfavorable, bring up constitutional questions on appeal that should have been raised at the administrative level. The purpose of such a rule, of course, is to allow the administrative agency the opportunity to cure the problem before it reaches judicial dimensions. In this case, the plaintiff is deemed to have waived his right to object — to CT Page 6895 the nonappearance of the police officer by failing to raise the issue at the administrative hearing.
The plaintiff's second ground for appeal is his contention that the hearing officer's finding that the police had probable cause to arrest the plaintiff was based on insufficient evidence. He argues that the police officer's A44 report of the arrest was only hearsay and was outweighed by the live testimony of his witnesses at the hearing. This argument cannot be sustained.
"When hearsay statements have come into a case without objection they may be relied upon by the trier, in proof of the matters stated therein, for whatever they were worth on their face." Volck v. Muzio, 204 Conn. 507, 513 (1987). (Citations and internal quotation marks omitted). The police officer's report indicated that at the time he was stopped the plaintiff had an odor of alcohol on his breath, glassy eyes, slurred speech, and in the officer's opinion, he failed the standard field sobriety tests.
The plaintiff's evidence consisted of his testimony and the testimony of two friends that he was the "designated driver," that he had only two drinks before dinner, and that his operation of the vehicle and his performance of the field sobriety tests did not indicate any impairment.
"In order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt . . . probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that (a crime) has been committed." State v. Torres, 182 Conn. 176,189 (1980). "Judicial review of the commissioner's action . . . is very restricted . . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, (the court) cannot disturb the conclusion reached by him." Lawrence v. Kozlowski, 171 Conn. 705 (1976). A review of the record, as set forth above, establishes that there was substantial evidence in the form of the police officer's report which reasonably supports the hearing officer's finding of probable cause for the plaintiff's arrest. This is true CT Page 6896 notwithstanding the introduction of conflicting testimony by the plaintiff.
For all of the reasons discussed above, the Commissioner's decision is affirmed; the plaintiff's appeal is dismissed.
Maloney, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 6896-QQ