[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Mary A. Cordis appeals the decision of the defendant commissioner of motor vehicles suspending her motor vehicle operator's license for a period of six months. The commissioner's decision was based on the plaintiff's alleged refusal to submit to a chemical test of the alcohol content of her blood and pursuant to General Statutes 14-227b. The plaintiff's appeal is authorized by General Statutes 4-183. The court finds in favor of the plaintiff and remands the case for further proceedings.
The plaintiff asserts two bases for her appeal: (1) that there was insufficient evidence to support the hearing officer's finding that she refused to submit to a chemical test of the alcohol content of her blood; and (2) that her due process rights were violated by the failure of the hearing officer to continue the hearing so that she could pursue additional evidence that she had subpoenaed.
Prior to the administrative hearing, the plaintiff's attorney issued subpoenas to the police officers involved in the plaintiff's arrest on the drunk driving charge. The subpoenas commanded the officers to bring to the hearing "the breathalyzer device used and any and all paperwork generated by that device during the testing of the accused, any instruction manuals for that device and CT Page 1028 any documents reflecting the repair history of the device."
The police officers appeared at the hearing, but they did not bring with them any of the materials specified in the subpoena. One of the officers testified that he did not bring the machine because "(i)t's kind of bulky. You just can't take it out because it has to be recharged and everything." He further testified that the paper tape generated by the machine when the police were attempting to test the plaintiff's breath had been sent to the state's attorney's office in G.A. 13, where the plaintiff's criminal case was pending. He testified that the instruction manual and repair history of the machine were "in Hartford at the state lab."
At the hearing, the police officers testified that the plaintiff placed the mouthpiece of the machine in her mouth but refused to blow into it. they also testified that the machine did not "register any air going into the machine." They further testified that they tested the machine prior to using it on the plaintiff and that the testing procedure produced a paper tape showing that the machine was in working order.
The plaintiff testified that she attempted to perform the breath test three times in accordance with the police officers' instructions. She said she blew as hard as she could into the mouthpiece.
The plaintiff's attorney requested a continuance several times during the course of the hearing so that he could make further efforts to obtain the evidence that he had subpoenaed. The hearing officer denied the request on the basis that the evidence sought was not relevant or material in "a refusal case."
"Due process of law requires . . . that at the hearing the parties involved have a right to produce relevant evidence . . . to cross examine witnesses and to offer rebuttal evidence." Huck v. Inland Wetlands 
Watercourses Agency, 203 Conn. 525, 536 (1987). See also, to the same effect, General Statutes 4-177c and 4-178. Under the particular circumstances of this case, the refusal of the hearing officer to grant the plaintiff a CT Page 1029 continuance so that she could pursue the evidence that she had subpoenaed deprived her of her due process rights.
In his final decision, the hearing officer made the crucial determination that the plaintiff refused to submit to the breath test. In reaching that determination, the hearing officer had to resolve the conflict between the testimony of the police officers and the plaintiff concerning the operation of the machine and the conduct of the plaintiff. In order to find that the plaintiff refused to submit to the test in the manner that the police described, the hearing officer had to accept their testimony and reject the plaintiff's testimony.
The material that the plaintiff had subpoenaed prior to the hearing was relevant to this factual issue. Specifically, if that evidence showed that the machine was not functioning properly, it would have undermined the police testimony that the machine did not register any sign of breath at the time when the plaintiff claimed she was blowing into it. Furthermore, since the police testified at length about how they administered the test to the plaintiff, the instruction manual would have provided a source for cross-examination on that subject. In short, the evidence that the plaintiff sought by way of the subpoena was relevant either in rebuttal of the police testimony or as an aid in cross-examining the adverse witnesses.
The plaintiff did not waive her due process rights in regard to the subpoenaed evidence. Prior to the hearing, the plaintiff did not know that the police would not comply with the subpoena. If she had known, she could have attempted to obtain the evidence by subpoena addressed to other officials, by requesting an order from the court pursuant to 51-85, or perhaps by enlisting the cooperation of the hearing officer. Since she did not know that the evidence would not be available at the hearing, however, her only recourse was to request a continuance so that she could pursue it. Under these circumstances, the hearing officer's denial of the plaintiff's request deprived her of her due process rights as enunciated in Huck v. Inland Wetlands 
CT Page 1030 Watercourses Agency, supra.
The court's conclusions with regard to the subpoenaed evidence require that the case be remanded to the department of motor vehicles for a new hearing. The purpose of the new hearing is to afford the plaintiff further opportunity to seek the evidence that she previously subpoenaed. It would be premature, therefore, to consider the plaintiff's claims concerning the sufficiency of the evidence that was admitted at the original hearing.
For the reasons set forth above, the case is remanded to the department for further proceedings consistent with this decision.
MALONEY, J.