[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Edward Topar, appeals a decision of CT Page 3033 the defendant Commissioner of Motor Vehicles suspending his license for a period of six months pursuant to General Statutes 14-227b. The plaintiff appeals pursuant to 4-183.
Certain procedural facts are undisputed. Following his arrest on a charge of driving under the influence of alcohol or drugs in violation of 14-227a, the department of motor vehicles (DMV) notified the plaintiff that his driver's license would be suspended for six months, effective April 2, 1993. The stated basis for the suspension was the plaintiff's alleged refusal to submit to a BAC test under 14-227b. At the plaintiff's request, a hearing was scheduled before a DMV hearing officer on March 22, 1993. The hearing was continued at the request of the plaintiff until March 31, 1993.
Prior to the hearing, on March 30, 1993, at the G.A. courthouse in Fairfield, the plaintiff's attorney viewed a videotape taken of the plaintiff at the police station shortly after the plaintiff's arrest. The plaintiff's attorney attempted to procure the videotape to present it at the DMV administrative hearing the following day, but the state's attorney prosecuting the concurrent criminal charges against the plaintiff refused to release the videotape on the ground that it would break the chain of evidence. The plaintiff's attorney then sought to have the videotape released to a police officer the following day for the hearing, but when the police officer went to the G.A. courthouse, the state's attorney refused to release the videotape.
At the March 31, 1993 hearing, the hearing officer agreed to continue the hearing to April 14, 1993, and agreed that the DMV would subpoena the police officer and specifically request the videotape. The DMV did, in fact issue a subpoena dated April 1, 1993, commanding the arresting police officer to appear at the April 14, 1993 hearing and further commanding him to bring with him: "1. All reports and documents pertaining to [the plaintiff's] arrest. 2. Video Tape."
The arresting officer appeared at the April 14, 1993 hearing, but did not bring the videotape, stating that the state's attorney's office would not release it. The CT Page 3034 plaintiff objected to the continuation of the hearing without the videotape, and orally moved to dismiss the proceeding on the ground that the officer had failed to honor the subpoena and produce the evidence requested. The hearing officer deferred his ruling on the plaintiff's motion until he heard the testimony of the arresting officer.
After the arresting officer and the plaintiff testified at the hearing, the plaintiff again asserted his claim that it was essential for the hearing officer to view the videotape. The plaintiff asserted that the videotape was relevant to his claim that he had offered to take a more invasive test than that offered by the police, and to the issue of probable cause, to show his demeanor a short time after his arrest. During the course of the hearing, the hearing officer noted that "[a]s to the probable cause the video probably would be helpful, and if you want to keep the case open until the video becomes available we'll do that." The hearing officer finally agreed to continue the hearing, and offered to go to the G.A. courthouse to view the videotape if the state's attorney's office would not release it.
On April 21, 1993, the hearing reconvened. For reasons not appearing in the record, the hearing officer never viewed the videotape. The plaintiff's attorney reiterated his objection to the failure of the arresting officer to produce the videotape. He claimed that the failure to produce the tape greatly compromised the plaintiff's ability to present his case, and stated that "[t]his record is being made so that it be considered complete in the event of a denial of the Motion to Dismiss or denial for a failure to find in his favor an appeal will be taken." The hearing concluded without the video being presented in evidence, and apparently the hearing officer never viewed it.
By decision dated April 20, 1993, the DMV hearing officer ordered the suspension of the plaintiff's driver's license for a period of six months for failure to submit to a BAC test. The hearing officer made the four statutory findings necessary for a license suspension under 14-227b(f): (1) the police officer had probable cause to arrest the plaintiff; (2) the plaintiff CT Page 3035 was arrested; (3) the plaintiff refused to submit to the BAC test; and (4) the plaintiff was operating the motor vehicle.
On April 28, 1993, the plaintiff filed a petition for reconsideration in accordance with 4-181a(a). On April 30, 1993, the petition for reconsideration was denied.
The plaintiff raises two issues in this appeal. The plaintiff claims that the hearing officer utilized an incorrect standard in finding that the plaintiff refused to submit to the BAC test. The plaintiff further claims that the officer's failure to produce the videotape pursuant to a subpoena violated the plaintiff's due process rights under both the federal and state constitutions. The plaintiff claims that the production of the videotape was crucial to show evidence of his willingness to take the blood or breath tests and the reasons why he did not want to take the urine test. The plaintiff further claims that the videotape was essential to demonstrate his demeanor a short time after the arrest, tending to show, he claims, a lack of probable cause.
"Due process of law requires . . . that at the hearing the parties involved have a right to produce relevant evidence . . . to cross examine witnesses and to offer rebuttal evidence." Huck v. Inland Wetlands 
Watercourses Agency, 203 Conn. 525, 536 (2987). See, also, 4-177c and 4-178. Under the particular circumstances of this case, the failure of the hearing officer to review the videotape of the events at the police station deprived the plaintiff of his due process rights. First, the plaintiff specifically requested that the video be presented, and the hearing officer agreed that it would be relevant evidence on issues that the hearing officer was obliged to decide. Second, the hearing officer agreed to obtain the video by subpoena or, failing that, to view it himself in the field. He did neither. The plaintiff, however, was entitled to rely on the assurances of the hearing officer, at least to the extent that he may not now be charged with waiving his right to present the video in evidence. The plaintiff consistently objected to proceeding with or concluding CT Page 3036 the hearing without the opportunity to present that evidence.
Pursuant to 4-183(j) and (k), the appeal is sustained and the case is remanded to the DMV for a new hearing. At the hearing, the plaintiff shall be afforded an opportunity to present the videotape in evidence.
MALONEY, J.