[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Darrin Woodmancy appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff had refused to submit to a chemical test of the alcohol content of his blood after his arrest on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant CT Page 1154-A commissioner.
The plaintiff advances several arguments as the bases of his appeal. Central to all of them, however, is the fact that the police officer who arrested him failed to appear at the administrative hearing in response to the plaintiff's subpoena.
The essential facts are not in dispute. After receiving notice of his license suspension, the plaintiff requested a hearing before the motor vehicle department. Upon receipt of the notice informing him that the hearing would be held on May 23, 1994, the plaintiff's attorney issued a subpoena duces tecum commanding the appearance of Officer Robert LaBonte of the Wethersfield Police Department along with certain documents, video tapes and photographs thought to be in the possession of the police and relating to the plaintiff's arrest on the drunk driving charge.
Officer LaBonte failed to appear at the hearing on May 23, and he had not notified either the plaintiff's attorney or CT Page 1154-B the department hearing officer that he would not be there. The hearing officer offered to continue the hearing in order to give the plaintiff further opportunity to obtain the police officer's presence. The plaintiff, through his attorney, declined the continuance and stated that he wanted to proceed with the hearing as scheduled.
The hearing office then offered LaBonte's written report in evidence. The plaintiff vigorously objected, contending that it would be improper to admit the report because he would be deprived of the opportunity to cross-examine its author, the subpoenaed but absent policeman. The hearing officer again offered a continuance. The plaintiff again declined the offer. The hearing officer then overruled the objection.
The hearing officer proceeded with the hearing. The plaintiff testified. The only other evidence was LaBonte's report. The hearing officer ultimately determined the statutory issues adversely to the plaintiff.
The court has reviewed the entire record in this case, CT Page 1154-C including especially the written police report and the plaintiff's testimony. The facts alleged in the officer's report, if believed, constitute substantial evidence, sufficient to support the hearing officer's final decision. The crucial issue in the case, therefore, is whether the hearing officer's decision to admit the report was correct.
General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v. Civil Service Commission,4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33 (1987). In addition to this familiar general rule governing the admissibility of hearsay evidence in administrative proceedings, General Statutes § 14-227b(c) and regulations promulgated thereunder, Regs., Conn. State Agencies § 14-227b-19, provide that a police report such as the one in this case is admissible. The court notes in this regard that the report was signed under oath and the statements contained therein are highly probative of the issues that the hearing officer was CT Page 1154-D required to determine. Without the factor of the police officer's failure to comply with the plaintiff's subpoena, therefore, these rules would clearly authorize the admission of the written police report in evidence.
The nonappearance of the police officer implicates considerations of basic fairness. "Hearings before administrative agencies, . . . although informal and conducted without regard to the strict rules of evidence, must be conducted so as not to violate the fundamental rules of natural justice." (Citations and internal quotation marks omitted). Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 536 (1987). "Due process of law requires . . . that at the hearing the parties involved have a right to produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence." Huck v. Inland Wetlands Watercourses Agency, supra. See also General Statutes §§ 4-177c
and 4-178.
This court has had occasion to consider issues similar to CT Page 1154-E the one presented by this case. In Mullen v. DelPonte, Superior Court, JD of Litchfield, DN. CV920060094, 9 Conn. L. Rptr. 20, 551, 8 CSCR 906, (1993), the court held that the plaintiff waived his due process rights by failing to request a continuance or otherwise objecting to proceeding with the hearing in the absence of the police officer, whom he had subpoenaed. InCordis v. Commissioner of Motor Vehicles, Superior Court, JD of Hartford/New Britain at Hartford, DN. CV930704265,11 Conn. L. Rptr. 20, 264, 9 CSCR 416 (1994), the court held that the failure of the hearing officer to grant the plaintiff a continuance so that she could pursue evidence that she had subpoenaed, but which was not produced at the hearing, deprived her of her due process rights and entitled her to a new hearing. Similarly, in Toparv. Goldberg, Superior Court, judicial district of Hartford/New Britain at Hartford, DN. CV930304684, 11 Conn. L. Rptr. 20, 234,9 CSCR 392 (1994), the court held that the failure of the hearing officer to view subpoenaed evidence after a continuance for that purpose deprived the plaintiff of his due process rights.
The significance of the Mullen, Cordis and Topar
decisions for the court's decision in this case is that the CT Page 1154-F court examined the totality of the circumstances in each case in order to determine whether the agency's action unfairly deprived the plaintiff of his or her due process rights; in particular, the right to cross-examine the adverse witness. The court did not automatically make such a determination merely because the police officer failed to obey the plaintiff's subpoena in whole or in part. "The agency as the finder of facts may sometimes regard cross-examination or lack of it as decisive on the question whether or not a finding should be based on a written report, but that determination has to be made in each case, not by blanket rule. The test on judicial review is whether the finding is reasonable in the light of the whole record, and that is a matter for judgment in each case . . . ." Cassella v. CivilService Commission, supra, 4 Conn. App. 366.
Upon consideration of all the circumstances of the present case, the court concludes that the hearing officer's decision to admit LaBonte's report did not deprive the plaintiff of due process of law. The primary basis of the court's conclusion is that the hearing officer offered to CT Page 1154-G continue the hearing to allow the plaintiff further opportunity to produce the missing witness. An examination of the transcript indicates that the hearing officer's offer was neither grudging nor perfunctory; he repeated it three times in response to the plaintiff's complaint that the police officer was not present. Nevertheless, the plaintiff obdurately refused to accept the offer and, in effect, challenged the hearing officer to proceed in the absence of the witness.
There is no question that the plaintiff knew that the consequence of refusing the continuance would be the admission of the police report without the opportunity to cross examine its author. Indeed, the hearing officer offered to continue the hearing precisely in response to the plaintiff's objection on that ground.
Furthermore, there is nothing in the record to indicate why the police officer did not show up. Even if he could be considered in some sense the state's witness, presumably vouching for his report, which the hearing officer introduced, CT Page 1154-H there is nothing in the record to indicate that the state should be penalized for his absence, as if, for example it were shown that the police officer deliberately stayed away to avoid cross-examination.
Finally, the plaintiff contends that a continuance of the hearing would have resulted in additional expense and aggravation and that since he had done everything he could to obtain the officer's presence, it would be unfair to penalize him for the policeman's failure to show. The court is not unsympathetic to that argument. License suspension hearings conducted by the motor vehicle department should be as economical of time and effort as possible. And sometimes sanctions are appropriate against those who would deliberately impede the proceedings.
There are, however, important interests at stake in these hearings. An individual's ability to operate a motor vehicle is almost essential in today's highly mobile society. On the other hand, that same society must be protected from the danger posed by those who violate the drunk driving laws. The CT Page 1154-I importance of these often competing interests demands a factfinding process that is both fair and thorough.
In the present case, the hearing officer sought to ensure a degree of both fairness and thoroughness by offering to continue the hearing so that the plaintiff could pursue the subpoenaed witness. Presumably, he made the offer also with knowledge of this court's previous rulings that would require a continuance in such circumstances if the plaintiff requested it. When the plaintiff declined the offer, the hearing officer took the only other course of action that would furnish the maximum amount of evidence relevant and material to the issues he was required by law to decide.
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is very restricted . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations CT Page 1154-J marks omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452 (1988). In the present case, this court cannot say that the hearing officer abused his discretion in admitting the police report after the plaintiff declined the offer of a continuance.
The only other significant argument asserted by the plaintiff as a basis for his appeal is that the evidence was insufficient to support the hearing officer's finding that the police legally arrested the plaintiff. In this regard, the plaintiff claims that Officer LaBonte's statement in his report that he stopped the plaintiff after he observed that the plaintiff's vehicle did not display an emission control sticker is not credible. He argues that the plaintiff's testimony concerning the lighting on the highway and the distance between the officer and his vehicle persuasively demonstrated that it would have been impossible for the policeman to have seen that the plaintiff's vehicle did not have the sticker until after he stopped it. Therefore, he argues, the evidence shows that the police had no legal basis for stopping him, thereby rendering his subsequent arrest CT Page 1154-K illegal.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Rather, "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. BuildingWrecking Co. v. Carrothers, 218 Conn. 580, 601 (1991). "In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted). Briggs v. State EmployeesRetirement Commission, 210 Conn. 214, 217 (1989).
In the present case, the hearing officer had essentially two pieces of evidence on the subject of the police officer's investigatory stop of the plaintiff. He had the police report CT Page 1154-L and the plaintiff's testimony in opposition. In his subordinate finding of fact, the hearing officer explicitly stated that "Testimony notwithstanding, the [police] officer's sworn report has sufficient indicia of credibility to support an affirmative finding on probable cause." The court may not disturb such a finding.
The appeal is dismissed.