[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Kenneth J. Ward, Jr. appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicles operators license for a period of one year. The commissioner's action was based on the finding of his hearing officer that the plaintiff had refused to submit to a chemical test of the alcohol content of his blood after being arrested for driving under the influence of alcohol. CT Page 9215 The commissioner acted pursuant to General Statutes § 14-227b. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
At the administrative hearing in this case, the plaintiff appeared with counsel and testified. He had subpoenaed the police officer who arrested him, but that officer failed to appear. The officer's report, on the motor vehicle department's A 44 form, was admitted in evidence over objection of the plaintiff. The objection was limited to the statements in the report relating to the results of the "Horizontal Gaze Nystagmus Test," which the police officer had administered to the plaintiff prior to arresting him.
The plaintiff raises two issues as the bases of his appeal: (1) that the hearing officer's finding that the police had probable cause to arrest the plaintiff was erroneous; and (2) that the failure of the police officer to appear at the administrative hearing in response to the plaintiff's subpoena deprived the plaintiff of due process of law.
The plaintiff's argument regarding probable cause is based on the inclusion in the police report of the officer's observations of the plaintiff's performance on the horizontal gaze nystagmus test. The report states that the officer administered this test as one of the "Standardized Field Sobriety Tests" that were used in determining probable cause for the plaintiff's arrest. The plaintiff claims that the results of the HGN test should not have been admitted at the administrative hearing, via the police report, citingFrye v. United States, 293 F. 1013 (D.C. Cir. 1923) andMoore v. McNamara, 201 Conn. 16, 30 (1986). Without those test results, he argues, there would have been insufficient evidence to support a determination of probable cause.
The Frye doctrine holds that scientific evidence that is derived from innovative scientific techniques may be admitted only if there has been a showing that the technique is generally accepted as reliable in the scientific community. The plaintiff claims that results CT Page 9216 of the HGN test do involve innovative scientific techniques so as to invoke the Frye doctrine. There was no showing of general acceptance of the reliability of the HGN test in the scientific community at the administrative hearing. Therefore, the plaintiff argues, the hearing officer committed error in admitting the test results in evidence at the administrative hearing.
Our Appellate Court has considered the validity of the HGN test as a basis for a police officer's determination that probable cause exists to arrest an individual for driving under the influence of liquor have been considered by our Appellate Court. "The issue of the validity of the horizontal gaze nystagmus test . . . may be relevant when the issue of the defendant's guilt or lack thereof is determined. It is not, however, a proper issue to be used to negate the existence of probable cause when the evidence is examined from the viewpoint of the knowledge of the arresting officer." State v. Merritt, 36 Conn. App. 76,85-86 n. 4 (1994); State v. Royce, 29 Conn. App. 512,516-519 (1992).
In the administrative proceeding established by § 14-227b, the hearing officer is required to determine whether "the police officer (had) probable cause to arrest the person for . . . operating a motor vehicle while under the influence of intoxicating liquor." The hearing officer is required, therefore, to examine the evidence of probable cause from the viewpoint of the knowledge of the arresting officer. It would be "improper to disregard(ed) the arresting officer's reliance on the nystagmus test as a part of the information he used in ascertaining the probable cause to arrest." State v. Royce, supra at 519.
As may be inferred from State v. Royce, supra, a motor vehicle department hearing officer may consider a police officer's reliance on the results of the HGN test as part of the evidence the police officer used in determining probable cause to arrest. There need not be a subordinate showing of general acceptance in the scientific community. Id. 518. There may or may not be a need to demonstrate that the police officer had other CT Page 9217 evidence of probable cause to arrest in addition to the results of the HGN test. Id. 519.
"In order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt . . . probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that (a crime) has been committed." State v. Torres, 182 Conn. 176, 189
(1980); State v. Royce, supra at 516.
In the present case, the police report states that, in addition to the results of the HGN test, the police officer observed the plaintiff's driving as erratic noted a "very strong" odor of liquor on the plaintiff's breath and determined that the plaintiff was unable to count correctly from 100 to zero by 5's. In her subordinate findings of fact, the hearing officer states that that evidence is sufficient to support a determination of probable cause by the police.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. ofPublic Utility Control, 219 Conn. 51, 57 — 58 (1991).
Based on these familiar principles and the Appellate Court decisions cited above, the court concludes in this case that the hearing officer's admission of the police report containing the HGN test results, her consideration of that evidence and her finding that the police officer had probable cause to arrest the plaintiff were not unreasonable or in abuse of discretion. CT Page 9218
In his brief to this court, the plaintiff advances only a cursory argument regarding the failure of the police officer to obey the plaintiff's subpoena. The court has carefully examined the transcript of the administrative hearing. When it was apparent that the police officer was not going to be present, the hearing officer inquired of plaintiff's counsel whether he would prefer to continue the hearing to a later date to enable counsel to enforce the subpoena. Counsel stated that "I'd like to proceed with the hearing." He made no further objection to the absence of the police officer. Under these circumstances, the court finds that the plaintiff waived any due process rights he may have had with respect to obtaining the testimony of the police officer. See Dragan v. Medical Examining Board,233 Conn. 618, 629-632 (1992).
The plaintiff's appeal is dismissed.
MALONEY, J.